AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>Gregory Henderson<br>_____<br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)        1:18-mj-1250<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____November 29, 2018____ in the county of ____Marion____ in the

____Southern____ District of ____Indiana____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Andrew Sullivan, Special Agent, ATF
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    ____12/13/2018____

_____
*Judge's signature*

City and state:    ____Indianapolis, IN____

Debra McVicker Lynch, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT

I, Andrew J. Sullivan, being duly sworn, state as follows:

1.     I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF).  I have been so employed since approximately May 2018.

2.     Prior to my employment with ATF I attended Delta College Police Academy, Bay City Michigan, where I received my Michigan Commission On Law Enforcement Standards (MCOLES) license as a peace office (May 2008) in Michigan.  In June of 2008 I was a sworn in as a deputy sheriff with the Jackson County Sheriff's Office in Jackson, Michigan.  In this capacity I investigated firearm offenses, homicides, robberies, sexual assaults and other crimes against persons and crimes against society and property crimes.  I served in this role until April of 2018.

3.     I attended the ATF national academy from May 2018 until November of 2018.  During this time I received over eighty hours of training in firearms, firearms offenses, and identifying firearms under the national firearms act and the gun control act.

4.     As part of my duties as an ATF Special Agent, I investigate criminal violations relating to violations of the Gun Control Act of 1968, National Firearms Act of 1934, and other violations of federal firearms statutes relating to the unlawful possession and trafficking of firearms.  I have received training in the history of firearms laws and regulations, firearms criminal violations, interstate controls, firearms identification and investigative call analysis, among other areas of federal criminal law.  This affidavit is made in support of a finding of probable cause and complaint charging Gregory Darnell HENDERSON (B/M, DOB 08/09/1980), with unlawful possession of a firearm by a person previously convicted of a felony offense, in violation of 18 United States Code, Section 922(g)(1).

5.      The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts.  Because this affidavit is being submitted for the limited purpose of presenting probable cause, I have not included each and every fact known to me concerning this investigation.  I have set forth facts that I believe are sufficient to establish probable cause to believe that HENDERSON  violated Title 18, United States Code, Section 922(g)(1).

6.      Pursuant to Title 18, United States Code, Section 922(g)(1) (Prohibited Acts), it is unlawful for any person previously convicted of a felony offense to possess a firearm or ammunition.  For the purposes of 18 U.S.C. § 922(g), a firearm is described as any weapon, which will, or is designed to expel a projectile by action of an explosive.  *See* 18 U.S.C. § 921(a)(3). *See also United States v. Lane*, 267 F.3d 715, 718 (7th Cir.2001) finding that, "holding a firearm establishes possession as a matter of law in the context of a charge under 18 U.S.C. § 922(g)(1)" and that "it is reasonable to infer that Congress intended to prohibit felons from exercising any physical control over a gun".

## FACTS SUPPORTING PROBABLE CAUSE

7.      On or about November 29, 2018, Indianapolis Metropolitan Police Department (IMPD) Officer William Wogan conducted a traffic stop on a gold Chevrolet Malibu after witnessing several traffic violations, to include; speeding, failing to maintain lane, and changing lanes without signaling.  Officer Wogan initiated a traffic stop on the vehicle in the 3400 block of North Shadeland Avenue, Indianapolis, Indiana; located within the Southern District of Indiana.

8.      Officer William Wogan made contact with the driver who informed him he had a pistol carry permit and had a handgun on his person. Officer Wogan secured this handgun and had the driver step from the vehicle. Officer Wogan asked the driver if there were any other weapons

in the vehicle and the driver informed him there was another firearm in the center console area of the vehicle. The driver denied ownership of the second handgun.

9.      During the traffic stop HENDERSON was the front seat passenger. A firearm, Sig Sauer .40 caliber, model P250, semiautomatic pistol, serial number EAK097048, was recovered in the center console of the Malibu.  A small amount of marijuana was also recovered from the vehicle.  HENDERSON was arrested and transported to IMPD North District Headquarters.

10.      HENDERSON was given his Miranda warnings by ATF Special Agent (S/A) Todd Bevington. He waived his rights and agreed to talk to investigators. HENDERSON was interviewed by S/A Todd Bevington and IMPD Detective Tiffany Rand. During this interview HENDERSON admitted to holding the firearm described above.[1] HENDERSON acknowledged he is not allowed to possess or even be around firearms as he is a convicted felon.

11.      I received and reviewed copies of HENDERSON's criminal history and concluded that HENDERSON has prior convictions for crimes punishable by more than one year imprisonment, including but not limited to: Dealing in a Narcotic Drug (Level B Felony) in Marion County under cause number 49G20-0012-CF-219200.

12.      Based on my training, experience, and research, the firearm described above (i.e., the Sig Sauer, model P250, caliber.40, serial number EAK097048) was not manufactured in the State of Indiana and therefore had to have traveled in interstate commerce prior to February of 2018, and will, or is designed to, expel a projectile by action of an explosive.

---

[1] *See United States v. Lane*, 267 F.3d 715, 718 (7th Cir.2001) finding that, "holding a firearm establishes possession as a matter of law in the context of a charge under 18 U.S.C. § 922(g)(1)" and that "it is reasonable to infer that Congress intended to prohibit felons from exercising any physical control over a gun".

## CONCLUSION

13.    Based on the above information set forth in this affidavit, I respectfully submit that there is probable cause to believe that Gregory Darnell HENDERSON violated Title 18, United States Code, Section 922(g)(1). I therefore respectfully request that this Court issue a complaint charging him with the same.

Andrew J. Sullivan
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives

Subscribed and sworn
before me this 13th day of December, 2018.

Honorable Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana